UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| H. FREDERICK PETERSON, as owner of the marine vessel LOFOTEN SPIRIT,<br><br>Plaintiff,<br><br>v.<br><br>JAMES R. ALLEN, JOHN A. AYDELOTTE, and LISA M. AYDELOTTE, as individuals, and JOHN M. AYDELOTTE as owner, d/b/a MARINE SERVICES & ASSIST BOATYARD, a Washington sole proprietorship,<br><br>Defendants. | Case No. C07-1866MJP<br><br><br>ORDER DENYING MOTION TO STAY AND COMPEL ARBITRATION |

This matter comes before the Court on Defendants' motion to stay and compel arbitration. (Dkt. No. 17.) Having considered the motion, Plaintiff's response (Dkt. No. 18), Defendants' reply (Dkt. No. 20), and all papers submitted in support thereof, the Court DENIES the motion to stay and compel arbitration.

**Background**

Plaintiff Peterson was not onboard when his yacht ("Casualty") grounded on rocks. Three men, Troy Schlaitzer, Paul Benedict, and Don Ostheller were onboard and called for help. Defendants who are employees of Marine Services & Assist Boatyard, a marine salvage and towing company, responded and freed the Casualty. Before attempting a rescue, Defendants presented Mr. Schlaitzer, the master of the yacht, with a No-Cure No-Pay Salvage Contract ("Salvage Contract"). Mr. Schlaitzer contested the payment terms of the contract and refused to

ORDER — 1

sign it.  However, Mr. Benedict did sign the contract, and the rescue was performed.

Plaintiff's complaint challenges the formation of the Salvage Contract on the ground that Mr. Benedict had no authority to bind Plaintiff Peterson to the agreement.  (Compl. at ¶ 16.) Plaintiff also challenges the validity of the contract on the grounds that it was signed under duress and is unconscionable.  Id.  Defendants ask the Court to refer this dispute to arbitration because the Salvage Contract contains an arbitration provision.  (Defs.' Mot. at 5.)

**Discussion**

When parties have agreed to arbitrate a dispute concerning a maritime transaction, the Court must refer the dispute to arbitration.  See 9 U.S.C. 1-4 (1988).  However, Plaintiff's complaint alleges that no such agreement was ever reached.  While Defendants cite a line of cases holding that contract disputes must be referred to arbitration unless the validity of the arbitration clause itself is challenged, see Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967); see also Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 448 (2006), those cases do not apply when Plaintiff alleges that no contract was ever formed.  Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc., 925 F.2d 1136, 1140-41 (9th Cir. 1991); see Republic of Nicar. v. Standard Fruit Co., 937 F.2d 469, 477 (9th Cir. 1991).

The Ninth Circuit has provided that before a party can be ordered to arbitrate, there should be an "express, unequivocal agreement to the effect."  Three Valleys, 925 F.2d at 1141 (quoting Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3d Cir. 1980)). Because Plaintiff challenges the formation of the contract, he necessarily challenges any agreement to arbitrate.  See Three Valleys, 925 F.2d at 1142.  While an arbitrator may determine whether a contract is voidable (e.g. because of duress or unconscionablility), the Court must determine whether the contract itself is void ab initio (e.g. if the person who signed the contract lacked signatory power).  See Three Valleys, 925 F.2d at 1140-41.

The parties dispute whether Mr. Benedict had authority to bind Plaintiff to the Salvage Contract.  "[T]he issue of agency is essentially a legal one and must be decided by the court."

ORDER — 2

Republic of Nicar., 937 F.2d at 477, (citing Three Valleys, 925 F.2d at 1140-41). In addition to his formation claim, Mr. Peterson challenges the validity of the contract alleging that it was signed under duress and is unconscionable. (Compl. at ¶ 16.) If the Court determines that a binding contract was formed, these issues should be resolved in arbitration. See Three Valleys, 925 F.2d at 1140.

**Conclusion**

The arbitration clause in the disputed contract cannot be enforced until the Court has determined the threshold issue of contract formation. Defendants' motion to stay and compel arbitration is denied.

The clerk is directed to send copies of this order to all counsel of record.

Filed this 23rd day of July, 2008.

s/ Marsha J. Pechman  
Marsha J. Pechman  
United States District Judge

ORDER — 3